IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CASE NO.: 3:22CR00618 |
| | ) |
| Plaintiff, | ) JUDGE JAMES R. KNEPP, II |
| | ) |
| v. | ) |
| | ) |
| LUCAS RUSSELL VANWOERT, | ) **GOVERNMENT'S RESPONSE IN** |
| | ) **OPPOSITION TO DEFENDANT'S** |
| Defendant. | ) **MOTION TO APPOINT PARALEGAL** |
| | ) **UNDER CRIMINAL JUSTICE ACT** |
| | ) **(DOC. 24)** |

Now comes the United States of America, by and through the undersigned attorney, and respectfully files the following response in opposition to Defendant's Motion to Appoint a Paralegal under the Criminal Justice Act (Doc. 24).

Defendant, in his motion, fails to cite any legal authority that supports the claim that he is entitled to funds for a paralegal. While Defendant is entitled to counsel to assist in his defense, there is no legal authority known to the Government that supports not only a taxpayer funded legal counsel, as well as a taxpayer funded paralegal. Granting of Defendant's motion in this instance would arguably establish a precedent that all criminal defendants are entitled to the services of a paralegal and a defense attorney. The government could not sustain such expenditures.

Further, Defendant has already requested funds to employ a forensic computer cell phone expert to help navigate some of the issues regarding discovery outlined in Defendant's request. The extent of the complexity in this matter, if any, involves the work properly housed with a computer expert. The facts of the case, in and of themselves, are not complex.

The Government was able to locate some precedent regarding a similar request for a paralegal. The request was made by a *pro se* defendant, not one who already had court appointed counsel. In *United States v. Garg*, No. CR21-0045-JCC, 2023 WL 2573353, at *1 (W.D. Wash. Mar. 20, 2023), the Court held "Defendant may rely on a paralegal to help him prepare for trial, but his current request, including funds for time to perform legal research, finding an investigator, and accessing PACER, is overbroad." (Dkt. No. 327 at 10.) The Court denied the Defendant's request for a paralegal. *Garg* at 1. The Court in *Garg* concluded that a more limited request in the context of trial preparation could be reconsidered if refiled.

## CONCLUSION

For those reasons, the Court should deny the Defendant's Motion to Appoint a Paralegal under the Criminal Justice Act (Doc. 24).

        Respectfully submitted,

        MICHELLE M. BAEPPLER
        First Assistant United States Attorney

By:   */s/ Sara Al-Sorghali*
        Sara Al-Sorghali (OH: 0095283)
        Assistant United States Attorney
        Four Seagate, Suite 308
        Toledo, OH 43604
        (419) 241-0763
        (419) 259-6360 (facsimile)
        Sara.Al-Sorghali@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on May 30, 2023, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the parties by operation of the Court's electronic filing system unless filed under seal.

*/s/ Sara Al-Sorghali*
Sara Al-Sorghali
Assistant U.S. Attorney
