IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | CASE NO. 3:22 CR 618 |
| Plaintiff, | |
| v. | JUDGE JAMES R. KNEPP II |
| **LUCAS RUSSELL VANWOERT,** | MEMORANDUM OPINION AND ORDER |
| Defendant. | |

### INTRODUCTION

Currently pending before the Court is Defendant Lucas Russell Vanwoert's Motion to Vacate under 28 U.S.C. § 2255. (Doc. 66). The Government filed a response in opposition. (Doc. 74). The Court is also in receipt of several subsequent letters/motions from Defendant. (Docs. 72, 73, 75, 76, 77, 78, 79, 80, 81).

For the reasons set forth below, the Court denies Vanwoert's Motion to Vacate as to Grounds One through Three, but will appoint counsel and set a hearing regarding Ground Four. Vanwoert's additional letter requests and motions are denied as further detailed herein.

### BACKGROUND

Vanwoert was indicted in October 2022 on charges of (1) creation of an animal crush video, in violation of 18 U.S.C. § 48(a)(2)(A), (2) production and transportation of obscene materials, in violation of 18 U.S.C. § 1465; (3) transportation of visual depictions of minors engaged in sexually explicit conduct, in violation of 18 U.S.C. § 2252(a)(1); and (4) possession of visual depictions of minors engaged in sexually explicit conduct, in violation of 18 U.S.C. § 2252(a)(4)(B). (Doc. 10) (Counts 1-4). Vanwoert was also indicted in the United States District

Court for the Western District of Michigan on charges of creation and distribution of an animal crush video, in violation of 18 U.S.C. §§ 48(a)(2)(A) and (a)(3). *See* Doc. 37, at 6-7 (Counts 1 and 5).

Vanwoert consented to the Rule 20 transfer of his Western District of Michigan case to this Court and entered a guilty plea, pursuant to a plea agreement, to Counts 1-4 in the Northern District of Ohio case and Counts 1 and 5 of the Western District of Michigan case. *See* Doc. 70 (transcript of change of plea); Doc. 37 (plea agreement).

At his change of plea hearing before District Judge Jeffrey J. Helmick on December 21, 2023, Vanwoert affirmed he had reviewed the plea agreement with his attorney, his attorney had been able to address his questions about it, and that he had an opportunity to discuss the evidence and potential challenges and defenses. (Doc. 70, at 10-11, 44-45). He further testified no one had threatened or pressured him to enter into the plea agreement and that he had read and understood each page. *Id.* at 47-52.

Pursuant to the plea agreement, Vanwoert waived his right to collaterally challenge his conviction or sentence except for claims of ineffective assistance of counsel or prosecutorial misconduct. (Doc. 37, at 10).

Also pursuant to the plea agreement, Vanwoert stipulated to a five-point enhancement for possession of 600 or more images of child pornography. *See id.* at 9; *see also* 18 U.S.C. § 2252(a)(2)(A); U.S.S.G. § 2G2.2(b)(7)(C). The presentence report states that the number of child pornography images attributed to Vanwoert is 455. (Doc. 54, at 10). These images were from a Lenovo laptop and a Samsung tablet. *Id.* at 9-10. The PSR also noted Vanwoert stipulated to a higher number of images (600) in the plea agreement, and that additional images "depicting suspected child erotica or age difficult files" were found on the two previously-identified devices

2

as well as an HP laptop. *Id.* at 10-11. It states that "many" of these files "depict individuals engaged in sexually explicit conduct, but their ages cannot be clearly implied." *Id.* at 10. The PSR also indicates Vanwoert stated the HP laptop belonged to his father in law and he never used it. *Id.* at 11. At sentencing before the undersigned, Vanwoert affirmed he had a chance to review the PSR prior to sentencing and that he did not see anything in it that was factually untrue. (Doc. 71, at 6).

The Court sentenced Vanwoert on May 30, 2024, to a total term of 97 months consisting of 84 months on Count 1, 60 months on Count 2, and 97 months on Counts 3-4, to run concurrently. (Doc. 60). It further sentenced Vanwoert to subsequently serve a total term of 15 years supervised release consisting of 3 years on Counts 1-2, and 15 years on Counts 3-4, to run concurrently. *Id.* This was a variation downward to the guideline calculation in the plea agreement.

In the instant Motion to Vacate, dated December 24, 2024, Vanwoert asserts four grounds for relief:

> **Ground One**: The HP Laptop containing child pornography did not belong to me. My wife and I were staying at his residence due to him needing assistance, where an HP Laptop was found containing child pornography, which I was charged with, did not belong to me. It belongs to my father-in-law, and was password protected, which I did not have access to.
>
> **Ground Two:** My attorney pressured me into a guilty plea. I was not shown documentation of evidence to c[orrelate] with the plea, which was for more than six hundred images, when evidence had over four hundred, which would have been reduced due to the HP laptop. Reducing would have significantly lowered my severity level and my maximum time served.
>
> **Ground Three:** I used the power of the Court to subpoena witnesses that were unused. The witnesses included a forensic expert and a psychological expert. I feel the forensic expert could have proven both the HP Laptop did not belong to me, and the files on my computer were unopened and automatically downloaded through Telegram, which is a program I did not o.k. to download through. The

3

>psychological expert may have been able to prove I was incompetent to stand trial, but it would have been detrimental at my sentencing.
>
>**Ground Four**: On June 8th, correspondence was sent to my attorney from myself, stating I wanted to appeal the case on Ineffective Assistance of Counsel. I did not receive correspondence from him until about two months later, by then the appeal time had expired, which I feel he had done on purpose.

(Doc. 66). Many of Vanwoert's subsequently-submitted letters address these same contentions, as well as assert claims of innocence, and request suppression of evidence, leniency, a different sentence, or home confinement. *See* Docs. 72, 73, 75, 76, 77, 78, 79, 80, 81.

## STANDARD OF REVIEW

Under § 2255, "[a] prisoner in custody under sentence of a [federal] court . . . claiming the right to be released . . . may move the court which imposed the sentence to vacate, set aside[,] or correct the sentence." 28 U.S.C. § 2255(a). A court must vacate and set aside a sentence if it concludes that the "judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack[.]" 28 U.S.C. § 2255(b). To "obtain collateral relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal." *United States v. Frady*, 456 U.S. 152, 166 (1982); *see also Hampton v. United States*, 191 F.3d 695, 698 (6th Cir. 1999).

A prisoner seeking relief under 28 U.S.C. § 2255 must show as a basis for relief: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid. *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006). To obtain relief for a denial or infringement of a constitutional right, a petitioner must establish an "error of constitutional magnitude which had

4

a substantial and injurious effect or influence on the proceedings." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993)). To obtain relief for a non-constitutional claim, a petitioner must establish a fundamental defect in the proceeding resulted in a complete miscarriage of justice or an egregious error that deprived him of the "rudimentary demands of fair procedure." *Reed v. Farley*, 512 U.S. 339, 348 (1994) (citation omitted); *see also id.* at 354.

A petitioner has the burden of proving that "an error has occurred that is sufficiently fundamental to come within" one of the three "narrow limits" for § 2255 relief. *United States v. Addonizio*, 442 U.S. 178, 185 (1979); *see also Pough*, 442 F.3d at 964. Conclusory allegations alone, without supporting factual averments, are generally insufficient to demonstrate a valid claim under § 2255. *Jefferson v. United States*, 730 F.3d 537, 547 (6th Cir. 2013).

In considering a petition under § 2255, the district court is required to conduct an evidentiary hearing to determine the issues and make findings of fact and conclusions of law "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief[.]" 28 U.S.C. § 2255(b). The petitioner's burden for obtaining a hearing is relatively light. *Smith v. United States*, 348 F.3d 545, 551 (6th Cir. 2003). "An evidentiary hearing is required unless 'the record conclusively shows that the petitioner is entitled to no relief.'" *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (quoting *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995)). "Thus, no hearing is required if the petitioner's allegations 'cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" *Id.* (quoting *Engelen*, 68 F.3d at 240). Where the judge considering the § 2255 petition also conducted the proceedings below, the judge may rely on his or her recollections of those proceedings. *See id.*

5

**DISCUSSION**

§ 2255 Petition

The Government asserts: (1) Vanwoert's claim of actual innocence is not cognizable and lacks merit; and (2) his claims that his guilty plea was not knowing and voluntary and that he received ineffective assistance of counsel are unsupported by the record. (Doc. 74). It therefore contends the Petition should be denied without a hearing. The Court addresses each of the Petition's grounds for relief below.

*Ground One: Innocence*

In Ground One of his Petition and in several of his subsequent letters, Vanwoert seemingly protests his innocence on the child pornography convictions. In the Petition, Vanwoert asserts that "[t]he HP Laptop [c]ontaining [c]hild pornography did not belong to [him]." (Doc. 66, at 4). He further contends he did not have access to this computer. *Id.*

First, as the Government correctly points out, a freestanding claim of actual innocence of an underlying charge is not a cognizable habeas claim. *See, e.g.*, *Smith v. Nagy*, 962 F.3d 192, 206 (6th Cir. 2020); *see also Herrera v. Collins*, 506 U.S. 390, 404-05 (1993) ("[A] claim of 'actual innocence' is not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits. . . . The fundamental miscarriage of justice exception is available only where the prisoner *supplements* his constitutional claim with a colorable showing of factual innocence. We have never held that it extends to freestanding claims of actual innocence.") (citation modified). Vanwoert does not here attempt to use actual innocence to obtain consideration of an otherwise-barred constitutional claim.

Second, even if Vanwoert could bring such a claim, the underlying charges in this case were not based on files found on the HP Laptop but instead on files contained on Vanwoert's Lenovo laptop and Samsung tablet. *See* Doc. 54, at 9-10. And Vanwoert, in a thorough plea colloquy, in signing the plea agreement, and in accepting the factual statements in the PSR, admitted to knowing possession and transportation of the images. *See* Docs. 37, 54, 70, 71.

For these reasons, Ground One of the Petition is denied.

*Ground Two through Four: Ineffective Assistance of Counsel*

In Grounds Two through Four, Vanwoert raises claims of ineffective assistance of trial counsel. Specifically, he asserts counsel: (1) pressured him into a guilty plea and did not show him "documentation of evidence to c[orrelate] with the plea"; (2) did not present forensic and psychological expert testimony; and (3) did not file a requested notice of appeal. (Doc. 66, at 5-8).

To demonstrate ineffective assistance of counsel, a petitioner "must show that counsel's performance was deficient . . . [and] that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To establish deficient performance, a petitioner must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment." *Id.* To establish prejudice when a petitioner's ineffective-assistance claim involves the decision regarding whether to plead guilty, , the petitioner must show a "reasonable probability" that counsel's constitutionally ineffective performance affected the outcome of the plea process. *Smith v. United States*, 348 F.3d at 551 (quoting *Hill v. Lockhart*, 474 U.S. 52, 593 (1985)).

7

**Ground Two: Coercion by Counsel**

Vanwoert's first ineffective assistance of counsel claim is that his attorney "pressured [him] into a guilty plea" when he did not show Vanwoert "documentation of evidence to c[orrelate] with the plea, which was for more than six hundred images[.]" (Doc. 66, at 5).

"Absent extraordinary circumstances, a defendant is bound by his statements during a plea colloquy when the district court has scrupulously followed the procedures for taking the defendant's guilty plea." *Ewing v. United States*, 651 F. App'x 405, 409 (6th Cir. 2016) (citing *Baker v. United States*, 781 F.2d 85, 90 (6th Cir. 1986)); *see also Ramos v. Rogers*, 170 F.3d 560, 566 (6th Cir. 1999) ("[A] defendant must be bound to the answers he provides during a plea colloquy."). "[A] claim of ineffective assistance of counsel predicated on allegedly misleading information given by counsel about the terms of a plea agreement can *never constitute* an 'extraordinary circumstance' under *Baker* when the court conducts a proper, clear, and thorough plea colloquy." *Ramos*, 170 F.3d at 565.

The Court here (Judge Helmick) conducted a thorough plea colloquy with Vanwoert. (Doc. 70). Vanwoert initialed every page of the plea agreement, including the page indicating he agreed he had "600 or more images[.]" (Doc. 37, at 8). He further signed on the final page of the agreement, under the following statement:

> I have read (or have had read to me) this entire plea agreement and have discussed it with my attorney. I have initialed each page of the agreement to signify that I understand and approve the provisions on that page. I am entering this agreement voluntarily and of my own free will. No threats have been made to me, nor am I under the influence of anything that could impair my ability to understand this agreement.

*Id.* at 17.

And, at sentencing, the undersigned specifically inquired of Vanwoert regarding whether anything in the PSR (which also contained a reference to the plea agreement's stipulation to the number of images (Doc. 54, at 5, 11, 15)) was factually inaccurate:

> **THE COURT:** Let me ask you, Mr. Vanwoert, have you had a chance to review this Presentence Investigation Report?
>
> **THE DEFENDANT:** Yes, Your Honor.
>
> **THE COURT:** So -- and I'm sure Mr. Boss told you this because I'll stipulate he's smarter than me, but where I'm going with this is if we don't have -- once we resolve any factual inaccuracies or problems with the facts in this report, it becomes the factual basis for my sentencing determination here today. We can supplement it by whatever happens here today in terms of, you know, things that people -- things that happened here today will supplement this, but this becomes sort of the base factual background for the sentencing determination. With that understanding, do you see anything in this that's not true?
>
> **THE DEFENDANT:** No, Your Honor.

(Doc. 71, at 6).

Vanwoert is bound by the statements he made to the Court. *Ewing*, 651 F. App'x at 409. At no time did he indicate that he did not understand the plea agreement or disagreed with any part of it, and, in fact, he affirmatively stated the contrary. Under these circumstances, the Court finds the record conclusively refutes Vanwoert's claim of ineffective assistance of counsel based on coercion. *See Hughes v. United States*, 2025 U.S. App. LEXIS 5619, at *5-6 (6th Cir.) (denying certificate of appealability after finding reasonable jurists could not debate the district court's rejection of an ineffective assistance of counsel claim based on an alleged coercion of a guilty plea where petitioner had agreed to a contrary factual basis in the plea agreement and had certified he read, understood, and reviewed the agreement with counsel and was satisfied with counsel's advice and representation and stated the same at the plea hearing).

**Ground Three: Failure to Present Witnesses at Sentencing**

Next, Vanwoert contends counsel performed deficiently because he did not present subpoenaed forensic and psychological expert witnesses at sentencing. (Doc. 66, at 7). Specifically, he asserts:

> I used the power of the Court to subp[o]ena w[]itnesses that were unused. The w[]itnesses included a [f]orensic [e]xpert and a psychological expert. I feel the forensic expert could have proven both the HP [l]aptop did not belong to me, and the files on my computer were unopened and automatically downloaded through Telegram, which is a program I did not o.k. to download through.
>
> The psychological expert may not have been able to prove I was incomp[e]tent to stand trial, but it would have been detr[i]mental [sic] at my sentencing.

*Id.* The Court, however, finds that the record conclusively demonstrates Vanwoert cannot show deficient performance or prejudice.

The issue of one defense expert (the forensic expert) was discussed during the sentencing:

> **THE COURT:** We probably should put this on the record. Mr. Boss, there was some talk earlier that you were considering having an expert testify, that nobody had ever gotten any notice of in terms of a report or anything. And when you suggested that's what you wanted to do, the government said we don't -- we are not prepared to cross examine this witness, we're just finding out about it now. And in defense of your side, Mr. Boss, I think you just got the report this morning or something, so it was -- it was a late-evolving situation. I think in light of our discussion in chambers, you, then -- where I told you if we were going to go ahead today, that if you were going to call that witness, which was within your right, or at least I would give you the opportunity to do that, we were going to continue the sentencing for today. We talked, I think substantively, about what that expert might or might not be able to do in light of the factual basis which is already contained in the plea agreement, that, you know, your client admits he knowingly possessed the stuff that he had. Then I understand that you went and talked to your client about whether he wanted to either proceed today without that witness or have a continuance and call that witness. Is that accurate? I don't want to put words in your mouth, but I do want to put something on the record so that there's no misunderstanding about what has happened here today.
>
> **MR. BOSS:** The Court's summary is correct, and I did discuss those matters with Mr. Vanwoert. After the discussion, Mr. Vanwoert determined that he would go

10

> forward this morning with the sentencing without calling the witness, Matthew Kurt.
>
> **THE COURT:** That's correct, Mr. Vanwoert?
>
> **THE DEFENDANT:** Yes, Your Honor.
>
> **THE COURT:** You understand if you want to call him, we're just going to do this another day. Do you understand that?
>
> **THE DEFENDANT:** Yes, Your Honor.
>
> **THE COURT:** With that understanding, you want to proceed today, correct?
>
> **THE DEFENDANT:** Yes, Your Honor.

(Doc. 71, at 7-8). As to the psychological expert, said expert's report was submitted to the Court prior to sentencing with defense counsel's sentencing memorandum. *See* Doc. 50-1; Doc. 71, at 3-4.

Given that the Court had a written report from the psychological expert and that Vanwoert himself agreed on the record to proceed without testimony from the forensic expert, the Court finds the record conclusively establishes that Vanwoert cannot establish deficient performance on counsel's part. Nor can Vanwoert show prejudice. As the Court commented at the time of sentencing, but for the plea agreement, the Court would have been inclined to give a significantly higher sentence:

> [I]n the absence of this Plea Agreement, I'd be feeling constrained by the statute. I'll just say that. And I'll say it again. In the absence of that Plea Agreement, I. fully expect that I would have sentenced you to 144 months and perhaps been sad that that was all I had. But I wouldn't have cheated and gone up on the child pornography because, if I were stacking, I would have to treat them separately, and I would give you all I could hit you with the animal crush. All that said, as I said before we started this endeavor, I was inclined to, and would honor the intelligently reached stipulated guideline calculation in the Plea Agreement. I don't think there's anything that's happened since then that causes that to be an invalid agreement between you all, so I'm going to honor that. But I am going to -- I am going to use the top end of that. I think [the AUSA is] right. This case screams out for at least that much, and I think, to the extent you feel like this is

11

> me dropping a ton of bricks on you, I promise you, but for that Plea Agreement, it would be worse.

(Doc. 71, at 34-35) (edited for clarity). This analysis turned on the Court's analysis of the animal crush charges and not on the child pornography charges that Vanwoert contends the forensic expert might have testified to. *See, e.g.*, *Hogan v. United States*, 2014 WL 2207186, at *4 (W.D. Mich.) ("[T]here is nothing to suggest, with a reasonable probability, that but for the lack of testimony, the outcome would have been different.").

### Ground Four: Failure to File Notice of Appeal

Finally, Vanwoert contends defense counsel performed deficiently by failing to file a requested notice of appeal. Specifically, he asserts:

> On June 8th, correspondence was sent to my attorney from myself, stating I wanted to appeal the case on Ineffective Assistance of Counsel. I did not receive correspondence from him until about two months later, by then the appeal time had expired, which I feel he had done on purpose.

(Doc. 66, at 8).

When counsel fails to file a notice of appeal despite a defendant's express instruction to do so, counsel has performed deficiently and prejudice is presumed. *See Garza v. Idaho*, 586 U.S. 232, 242-43 (2019); *Roe v. Flores-Ortega*, 528 U.S. 470, 477, 483 (2000). But to obtain relief on this basis, the defendant must have asked attorney to file such notice. *Ludwig v. United States*, 162 F.3d 456, 459 (6th Cir. 1998) ("[T]he Constitution is only implicated when a defendant actually requests an appeal, and his counsel disregards the request.") (citation omitted).

The Government contends that Vanwoert has not provided any evidence of correspondence with his attorney to support his "bare allegations." (Doc. 74, at 13). It further contends that at sentencing, the Court instructed Vanwoert to file the notice of appeal himself if

counsel did not do so, and therefore, his "failure to file a notice of appeal is due to his own error, not ineffective assistance of counsel." *Id.*; *see also* Doc. 71, at 45 ("What I have to tell you today, though, is whatever appellate rights you have must be exercised within 14 days. If you wish to take an appeal, tell [counsel] to lodge the appeal on your behalf. He will do so. If he doesn't do so, do it yourself, because 14 days is a big deal."). Finally, the Government contends that Vanwoert "fails to make any argument that such failure prejudiced him." (Doc. 74, at 13).

The Court finds the Government's arguments do not eliminate the Court's obligation to hold an evidentiary hearing on this claim before resolving it. First, although the Government asserts Vanwoert offers only "bare allegations" to support his claim, Vanwoert's habeas petition, in which he states he sent correspondence to counsel stating he wanted to appeal, is signed under penalty of perjury. *See* Doc. 66, at 14. Second, although Vanwoert certainly could have submitted a notice of appeal on his own behalf, case law is clear that an attorney's failure to do so despite a defendant's express instruction is deficient performance and prejudice is presumed. *See Johnson v. United States*, 2023 WL 6388869, at *1 (6th Cir.) ("When counsel fails to file a notice of appeal despite a defendant's express instruction to do so, counsel has performed deficiently and prejudice is presumed.") (citing *Garza*, 586 U.S. at 241; *Flores-Ortega*, 528 U.S. at 477, 483). And, although the Government is correct that Vanwoert ultimately bears the burden of proving his ineffectiveness claim by a preponderance of the evidence, *Pough*, 442 F.3d at 964, the Court finds it cannot resolve this claim without an evidentiary hearing because the record does not "conclusively show that [Vanwoert] is entitled to no relief," 28 U.S.C. § 2255(b).

The Court will appoint counsel for Vanwoert and an evidentiary hearing will be scheduled on this issue. *See* Rule 8(c), Rules Governing Section 2255 Proceedings for the United

13

States District Courts (requiring appointment of counsel for a qualifying petitioner if an evidentiary hearing is warranted).

Additional Requests

Following his motion to vacate, Vanwoert also filed several additional letters and motions with various requests. *See* Docs. 72, 73, 75, 76, 77, 78, 79, 80, 81. To the extent these filings address different issues than those raised by the § 2255 petition discussed above, the Court addresses them below.

*Request for Presentence Report / Statement of Reasons*

In two of his filings, Vanwoert requests the Court provide him with his Presentence Investigation Report and Statement of Reasons. (Docs. 75, 79). He seeks these to include with a Petition for Commutation of Sentence. *See* Doc. 75. For safety reasons, the Court does not provide these documents to prisoners and Vanwoert's request is denied. However, Vanwoert may request that the Bureau of Prisons ("BOP") submit such documents with his commutation petition.

*Requests to Alter Sentence or Release to Home Confinement*

In several of his letters, Vanwoert asks for reduced charges, leniency, a second chance, or a different sentence, specifically one that removes the child pornography charges to avoid being labeled a sex offender. *See* Docs. 72, 73, 76, 77, 78, 79. Vanwoert also requests that he "be considered for Home Confinement for the remainder of [his] sentence." (Doc. 78, at 1). The Court construes each of these requests as a request for a sentence reduction.

"Generally speaking, once a court has imposed a sentence, it does not have the authority to change or modify that sentence unless such authority is expressly granted by statute." *United States v. Alexander*, 951 F.3d 706, 707 (6th Cir. 2019) (citation omitted); *see also* 18 U.S.C. §

14

3582(c) (district court "may not modify a term of imprisonment once it has been imposed" except in certain enumerated circumstances). Under § 3582(c), a court may only modify a term of imprisonment under the following circumstances: (1) upon a motion of the Director of the BOP or defendant for compassionate release; (2) as expressly permitted by statute or by Federal Rule of Criminal Procedure 35; or (3) where a defendant has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(1)–(2).

Under § 3582(c)(1)(A), a district court may grant a sentence reduction "only if it finds that the defendant satisfies three requirements: (1) 'extraordinary and compelling reasons warrant such a reduction'; (2) the 'reduction is consistent with applicable policy statements issued by the Sentencing Commission'; and (3) the relevant § 3553(a) factors support the reduction." *United States v. Hunter*, 12 F.4th 555, 561 (6th Cir. 2021) (quoting § 3582(c)(1)(A)(i); *United States v Elias*, 984 F.3d 516, 518 (6th Cir. 2021)); *see also United States v. Jones*, 980 F.3d 1098, 1101 (6th Cir. 2020). Additionally, exhaustion of administrative remedies is a mandatory claims-processing rule that must be satisfied before a defendant may seek compassionate release. *United States v. Alam*, 960 F.3d 831, 833-34 (6th Cir. 2020).

The policy statement applicable to compassionate release motions, § 1B1.13, was amended, effective November 1, 2023, and describes six categories of extraordinary and compelling reasons that individually, or in combination, may support a request for compassionate release. These categories are: (1) the medical circumstances of the defendant; (2) the age of the defendant; (3) a defendant's family circumstances; (4) sexual or physical abuse suffered by the defendant while in custody involving a "sexual act" or "serious bodily injury"; (5) "other reasons" similar in gravity as those articulated in (1)-(4); and (6) an "unusually long

15

sentence." U.S.S.G. § 1B1.13(b).[1] Medical circumstances of the defendant may be extraordinary if the defendant is suffering from terminal illness, a serious physical or medical condition, or a serious functional or cognitive impairment that substantially diminishes the defendant's ability to provide self-care within the correctional facility and the defendant is not expected to recover. U.S.S.G. 1B1.13(b)(1). The family circumstances include death or incapacitation of the caregiver of the defendant's minor child, the incapacitation of the defendant's spouse, partner, or parent, and the defendant would be the only available caregiver, or circumstances similar. U.S.S.G. § 1B1.13(b)(3).

Although Vanwoert asserts he is not receiving various forms of medical care, and that his wife is suffering due to the loss of his income and benefits, nothing he alleges rises to the level of "extraordinary and compelling" circumstances as defined by the Sentencing Commission.

Second, § 3582(c)(1)(B) incorporates modifications permitted by Federal Criminal Rule of Procedure 35. That rule provides that "[w]ithin 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." Fed. R. Crim. P. 35(a). Here, Vanwoert's motion was not filed within the fourteen-day timeframe contemplated by Rule 35, and the Court finds Vanwoert has not shown any clear error in the sentence. Instead, Vanwoert seeks to argue, at least in part, that he is not guilty of charges to which he pled guilty, specifically those involving child pornography. Section 3582(c) does not provide a basis for the relief Vanwoert seeks.

Further, as to Vanwoert's request for home confinement, the Court is unable to "dictate where [a] sentence is to be served. Where an inmate is placed and how much of his sentence is

---

[1]. The Sixth Circuit recently held that § 1B1.13(6) is invalid and a non-retroactive change in the law cannot constitute an extraordinary and compelling reason for release. *See United States v. Bricker*, 135 F.4th 427 (6th Cir. 2025). There is no change in the law at issue here and subsection (6) is not applicable.

served there is ultimately within the BOP's discretion." *United States v. Brenner*, 2025 WL 253353, at *2 (N.D. Ohio) (citing 18 U.S.C. § 3621(b)); *see also United States v. Black*, 2020 WL 2213892, at *2 (S.D. Ohio) ("To the extent that defendant's filing is construed as a motion to reduce his sentence to permit his immediate release with a condition of home confinement, the court notes that under 18 U.S.C. § 3582(c), a court may not modify a term of imprisonment once it has been imposed unless certain exceptions apply.").

In sum, the Court denies Vanwoert's motions to the extent they request a reduction in his sentence or release to home confinement.

*Conditions of Confinement*

In several of his letters, Vanwoert challenges the conditions of his present confinement, contending he is in danger and not receiving necessary medical treatment. *See* Docs. 72, 73, 77, 78.

To the extent Vanwoert now asserts claims regarding the conditions of his current confinement in FCI-Yazoo, Vanwoert must present those claims to FCI-Yazoo prison officials, and then to the BOP, for consideration pursuant to 28 C.F.R. § 542.10-19. If the grievance process is unsuccessful, Vanwoert may file a separate civil action under 42 U.S.C. § 1983 in a Missouri federal court. Venue is in the judicial district where either all defendants reside or where the claim arises. *Al-Muhaymin v. Jones*, 895 F.2d 1147, 1148 (6th Cir. 1990) (citing 28 U.S.C. § 1391(b)). This Court lacks venue over conditions of confinement claims arising in Missouri. *See* 28 U.S.C. § 1391(b). Any claims Vanwoert makes in this regard are therefore denied without prejudice to refiling in the appropriate court.

17

*Motion to Suppress*

In his latest letter/motion, Vanwoert seeks to file a motion to suppress evidence. *See* Doc. 81. He seeks to suppress the evidence found on the HP laptop. But Vanwoert cannot file a motion to suppress at this stage of the proceedings, when he has already been convicted. *See United States v. Hallom*, 505 F. App'x 480, 481-82 (6th Cir. 2012) ("Several circuits, in addition to this one, have held that § 2255 is the exclusive remedy for individuals seeking to collaterally challenge the validity of a sentence.") (citations omitted). As such, Vanwoert's motion to suppress is denied.

The Court commends Vanwoert on the efforts he describes to rehabilitate himself and his desire to become a productive member of society, and encourages him to continue those efforts. But these efforts and desires do not provide a basis for relief here.

## CONCLUSION

For the foregoing reasons, good cause appearing, it is

ORDERED that Grounds One through Three of the Petition (Doc. 66, at 4-7) be, and the same hereby are, DENIED; and it is

FURTHER ORDERED that Vanwoert shall be appointed counsel to represent him on Ground Four of the Petition (Doc. 66, at 8), and an evidentiary hearing shall be held at a later date; and it is

FURTHER ORDERED that Vanwoert's remaining Motions/Letters (Docs. 72, 73, 75, 76, 77, 78, 79, 80, 81) be, and the same hereby are, DENIED for the reasons stated above.

 s/ *James R. Knepp II*  
UNITED STATES DISTRICT JUDGE

Dated: September 4, 2025